## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **FRANKLIN MOSLEY, #47715-048,** )<br>)<br>  **Petitioner,**  )<br>)<br>**vs.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>  **Respondent.**  ) | **CIV. ACT. NO. 1:24-cv-458-TFM-B**<br>**CRIM. ACT. NO. 1:13-cr-63-TFM-B** |

### MEMORANDUM OPINION AND ORDER

On August 20, 2025, the Magistrate Judge entered a report and recommendation which recommends Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 151, filed 12/2/24) be denied and the petition dismissed.  *See* Doc. 174.

Petitioner timely submitted objections and the Respondent timely submitted a response to the objections.  *See* Docs. 179, 181.  Having reviewed the objections, the Court finds that they do not overcome the well-reasoned analysis of the Magistrate Judge's recommendation and that the United States' response to the objections are on point.  As such, Petitioner's objections are overruled.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  Accordingly, it is **ORDERED** that the Motion to Vacate, Set Aside, or Correct (Doc. 151) is **DENIED** and this petition **DISMISSED with prejudice**.

The Court further finds that Mosley is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis

if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Mosley is not entitled to proceed *in forma pauperis* on appeal

Final Judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 29th day of January, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.